CAMPBELL et al. v. RUSHING et al.

(Court of Civil Appeals of Texas. Ft. Worth. Oct. 21, 1911.)

1. EXCHANGE OF PROPERTY (§ 5*)—FALSE REPRESENTATIONS—TIME.

False representations as to the value of certain real estate not made until after a contract for an exchange of the land for stock in a corporation had been executed, though before the transfer had been made, were insufficient to constitute ground for rescission.

[Ed. Note.—For other cases, see Exchange of Property, Cent. Dig. §§ 6–10; Dec. Dig. § 5.*]

2. CANCELLATION OF INSTRUMENTS (§ 58*)—FALSE REPRESENTATIONS—DAMAGES.

In a suit to rescind an exchange of property, plaintiff may seek to recover damages by reason of alleged fraudulent representations in case a rescission is inequitable.

[Ed. Note.—For other cases, see Cancellation of Instruments, Cent. Dig. §§ 118, 120; Dec. Dig. § 58.*]

3. CORPORATIONS (§ 121*)—CORPORATE STOCK —MARKET VALUE—EVIDENCE.

Where, on an issue as to the value of certain corporate stock, there was no evidence that it had no value, evidence that, when the corporation was organized some time previously, $40,000 of its stock was issued to the promoters without the transfer of any money or property to the corporation, was inadmissible to show the real value of the stock at the time in question.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 504, 505; Dec. Dig. § 121.*]

Appeal from District Court, Palo Pinto County; W. J. Oxford, Judge.

Suit by C. C. Rushing and others against J. I. Campbell and others. Judgment for plaintiffs, and defendants appeal. Reversed and remanded.

Penix & Eberhart, for appellants. Gross & Gross, for appellees.

SPEER, J. C. C. Rushing instituted this suit in the district court of Palo Pinto county for rescission of a contract, and, in the alternative, for damages, alleging that he had been induced to transfer to J. I. Campbell certain stock in the Lamar Wells Com-

pany, a corporation, in exchange for a section of land in Potter county upon fraudulent representations as to the quality and location of the land. There was a verdict and judgment for the plaintiff, and the defendants have appealed.

[1] The following charge, which forms the basis of several complaints, will give a more accurate insight to the nature of the case: "Your are instructed that if you believe from the evidence in this case that on or about the date alleged in the plaintiffs' petition the plaintiffs, through C. C. Rushing, were negotiating a trade with the defendants, through J. I. Campbell, for section 21 in block 1, Potter county, Tex., and if you believe from the evidence that the plaintiff C. C. Rushing was not acquainted with the lay of the land on said section, nor with the character of the soil of which same is composed, and if you further believe from the evidence that said J. I. Campbell was not acquainted with the same, but that Campbell represented to the plaintiff Rushing that one M. V. Smith had been on the land and was acquainted with the same, and referred the said plaintiff to said Smith for a description of said land, and if you believe that the said plaintiff C. C. Rushing went to the said M. V. Smith for information in regard to said tract of land, and at the instance and request of the defendant Campbell, and if your further believe from the evidence that the said Smith under such circumstances represented to the said plaintiff Rushing that 98 per cent. of said land or something like that amount was suitable for cultivation, that it was level, and good land, and if you further believe from the evidence that these representations were untrue, and that said tract òf land was in fact rough, broken tract, and of much less value than the land described, and if you further believe that said plaintiff Rushing believed and relied on the representations made to him by said Smith in regard to the character and quality of said land, and was induced thereby to, and did, part with 140 shares of stock in the Lamar Wells Company to the defendants J. I. Campbell and his codefendant Shifflett for their equity in said tract of land, and that he would not have parted with said shares of stock for himself and the other plaintiffs, but for the false representations of the said Smith, if any, and, if you further believe that said shares of stock are now worth as much as they were at the time that said plaintiff parted with the same, then you will find for the plaintiff a rescission of the trade that he made with Campbell, or, if that is inequitable, then assess his damages as hereinafter described, or, if you find and believe from the evidence in this case that prior to the execution and delivery of the deed to C. C. Rushing for said land Shifflett represented to said plaintiff Rushing that said land was something like 98 per cent. tillable,

and was level and good soil, and if you further believe from the evidence that this representation was false and untrue, and that it induced plaintiff C. C. Rushing to accept the deed and close the deal, and that he would not have done so but for said representations of Shifflett, then, in that event also, you will find for the plaintiffs a rescission as hereinbefore directed, provided you find that a rescission will put the plaintiffs in as good condition as they were in prior to the time the plaintiff C. C. Rushing parted with said shares of stock. But, if you should believe from the evidence that said shares of stock are not worth as much now as when the said plaintiff parted with them, and do not believe from the evidence that a rescission will put the plaintiffs in as good condition as they were in at the time said plaintiffs parted with said shares of stock, then you are instructed that you will assess the plaintiff's damages at the difference between the market value of said 140 shares of stock at the time the plaintiffs parted with them and the market value at said time of the defendant's equity in said section 21, block 1, Potter county."

The principal attack upon this charge is upon the ground that it authorizes a recovery by appellee upon a finding that Shifflett made false representations to him concerning the land, whereas, under all the evidence, whatever representations were made by Shifflett were made after the consummation of the contract of sale between appellant and appellee. We have examined the testimony on this point, and find it to be practically undisputed that appellant and appellee had entered into a written contract whereby appellant agreed to convey to appellee the land in Potter county, and appellee transferred to appellant the corporation stock prior to any representations of Shifflett whatever. It is true, as appellee shows, that the deed of conveyance was not actually made until after Shifflett's representations concerning the land, since the title to it stood in Shifflett's name, but, as we understand the law, the case stands thus: If at the time the parties entered into the written contract there had been no fraud, the contract was then binding on both parties, and could not be set aside for the fraudulent representations of any one occurring afterward, since for obvious reasons such fraud could not have induced the contract. This is elementary. For the error of the court in submitting as a ground for recovery the fraudulent representations of Shifflett, the judgment will be reversed. This conclusion makes it unnecessary to discuss numerous other assignments predicated on the charge.

[2] The general demurrer to the petition was properly overruled, since the plaintiff might seek in the same suit a rescission, or, if that be inequitable, then to recover his damages. The petition clearly charged appellant and Shifflett as partners, and there was no denial under oath of this fact, consequently the court was authorized to assume, if in any event Shifflett's representations were material, that they were partners.

[3] We also find error in the court's ruling on evidence in permitting an inquiry into the organization of the Lamar Wells Company as shown in bill of exception No. 7, wherein appellant Campbell was made to testify that $40,000 of the stock issued to the organizers was what is called "watered stock." The organization of the company, of course, occurred prior to the acquisition of stock by appellee Rushing, who it seems acquired the stock from appellant, the organizer. The transaction was too remote to have any bearing upon the value of the stock at the time of the contract between these parties, and, besides, this was not the way to prove the value of such stock. What the promoters paid for the property which they conveyed to the corporation would not be evidence of the market value of stock in such corporation, and, there being nothing to show that such stock had no market value, the evidence was not admissible to show real value.

Other rulings complained of will not in the nature of things arise on another trial.

For the errors discussed, the judgment is reversed, and the cause remanded.